IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KLAYTON V. ALBRIGHT,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:16-cv-00436-MA

OPINION AND ORDER

RICHARD F. MCGINTY
P.O. Box 12806
Salem, OR 97309

    Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

MARTHA A. BODEN
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Klayton V. Albright seeks judicial review of a decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") disability benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I reverse and remand the Commissioner's decision for an immediate payment of benefits.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 17, 2012, Plaintiff protectively filed an application for benefits, alleging disability beginning September 4, 1991, due to an inability to concentrate and maintain focus, mood lability, and maintain appropriate social standards. Tr. 271. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). An ALJ held a hearing on June 17, 2014, at which Plaintiff appeared with his attorney and testified. Medical expert William Weiss, Ph.D., testified by telephone, and vocational expert, Richard Hincks, attended the June 17, 2014 hearing and testified. At that hearing, Plaintiff amended his alleged onset date to September 4, 2009. The ALJ held a second hearing on October 28, 2014, at which Plaintiff again testified. On November 14, 2014, the ALJ issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Born in 1991, Plaintiff was 18 years old the amended alleged onset date, and 20 years old on the date of the ALJ's decision. Plaintiff has a history of some special education classes and had an individualized education plan for reading and writing, as well as behavioral and emotional needs, but graduated with a regular high school diploma. Tr. 299, 308. Plaintiff attended some community

college classes, but reported not performing well. Tr. 240. Plaintiff has no past relevant work, has worked very briefly as a dishwasher and cleaner part-time, and worked sorting cherries. Tr. 39-41.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *See Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 17, 2012, the application date. At step two, the ALJ found that Plaintiff had the following severe impairments: attention deficit hyperactivity disorder ("ADHD") and learning disorder. At step three, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with additional nonexertional limitations: Plaintiff can perform "simple, routine tasks with an SVP of 1 or 2; reading is limited to the 4th grade level; and he can have occasional contact with the public." Tr. 22.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 29. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can

perform, including such representative occupations as: lot attendant, laundry sorter, street cleaner and fruit washer. Accordingly, the ALJ concluded that Plaintiff has not been under a disability under the Social Security Act from January 17, 2012, the date his SSI application was filed.

## ISSUES ON REVIEW

On appeal to this court, Plaintiff contends the following errors were committed: (1) the ALJ improperly evaluated the opinions of treating physician Randall E. Blome, M.D., examining psychologist Paul S. Stoltzfus, Psy.D., and testifying medical expert William Weiss, Ph.D.; (2) the post-hearing evidence from Dr. Freed undermines the ALJ's determination; and (3) the RFC fails to incorporate all his limitations. The Commissioner argues that the ALJ's decision is supported by substantial evidence and is free of legal error. Alternatively, the Commissioner contends that even if the ALJ erred, Plaintiff has not demonstrated harmful error.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the

Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison*, 759 F.3d at 1010.

## DISCUSSION

### I. The ALJ Erred in Evaluating the Medical Evidence

A. *Standards*

In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2016); *Garrison*, 759 F.3d at 1012; *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn*, 495 F.3d at 631 (internal quotations omitted) (alterations in original); 20 C.F.R. § 416.927(c). To reject the uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

If the treating physician's opinion is contradicted, the ALJ must consider how much weight it is entitled to considering the factors in 20 C.F.R. § 416.927(c)(2-6). The factors include the length of the treatment relationship, the frequency of examination, the nature and supportability of the opinion, and its consistency with other evidence in the record as a whole. 20 C.F.R. § 416.927(c)(2-6); *Ghanim*, 763 F.3d at 1161. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Ghanim*, 763 F.3d at 1161.

5 - OPINION AND ORDER

However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

B.  *Randall E. Blome, M.D.*

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons, backed by substantial evidence, for discounting Dr. Blome's opinion that Plaintiff was unemployable.[1] Dr. Blome has been Plaintiff's treating physician since January 2012. Tr. 401. Dr. Blome's treatment notes indicate that Plaintiff is very personable, but has disorganized thinking. Tr. 401. Dr. Blome diagnosed ADHD, noted a history of autism, ordered a current mental health evaluation, and prescribed Vyvanse. Tr. 399-400. In a letter dated May 2, 2014, Dr. Blome indicated that he diagnosed Plaintiff with narcissistic personality disorder, anxiety, depression, ADHD, and learning disabilities. Tr. 415. Dr. Blome reported that Plaintiff did poorly in school, was in some special education classes, and had an IEP. Tr. 415. In the May 2014 letter, Dr. Blome indicated that Plaintiff has great difficulties with social interactions, violent outbursts, and exhibits extremely poor judgment. Tr. 415. Dr. Blome opined that Plaintiff is not employable. Dr. Blome noted that Plaintiff is not dependable, and that he could not perform on a sustained basis in a competitive work environment. Dr. Blome opined that Plaintiff could handle a sheltered work shop, and would require extra supervision due to his lack of impulse control and judgment. Tr. 415.

Dr. Blome completed a functional assessment of Plaintiff's work-related mental activities dated May 2, 2014. Tr. 416-17. In the functional assessment, Dr. Blome opined that Plaintiff was

---

[1] Dr. Blome's opinion is contradicted by the testifying medical expert, William Weiss, Ph.D., and nonexamining physicians Bill Hennings, Ph.D., and Paul Rethinger, Ph.D. Tr. 79, 82-83, 95, 110.

moderately limited in his ability to understand both simple and detailed instructions, and was severely limited in his ability to maintain attention and concentration for extended periods of time and perform within a schedule. Tr. 416. Dr. Blome also opined that Plaintiff was severely limited in his ability to interact with the public, accept instructions and respond to criticism from supervisors, get along with co-workers without getting distracted, maintain socially appropriate behavior, be aware of hazards and take precautions, and set realistic goals. Tr. 417. "Severe" is defined as not able to perform a designated task or function on a regular, reliable, and sustained schedule. Tr. 416.

In the decision, the ALJ gave limited weight to Dr. Blome's opinion regarding the severity of Plaintiff's impairments. Tr. 26. The ALJ's reasoning falls short of specific and legitimate.

First, the ALJ found Dr. Blome's social limitations inconsistent with Plaintiff's testimony. During the June 2014 hearing, Plaintiff testified that he was employed at Gray and Company sorting cherries, and that he had been on the job for three days. Tr. 53, 56. At the October 2014 hearing, Plaintiff testified that he had been fired for showing new workers around, stating that he was told it was not his job to train new employees. Tr. 40. Plaintiff also stated that his supervisor would check on him every 20 minutes, and that his co-worker reminded him to get back to work. Tr. 40-41. In the decision, the ALJ discounted Dr. Blome's opinion that Plaintiff had moderately severe to severe limitations in social functioning, needed extra supervision and exercised poor judgment because it was inconsistent with Plaintiff's testimony that he performed his job "without difficulty" and was fired for being too friendly and showing new employees what to do. Tr. 26. This finding is not supported by substantial evidence. The record does not disclose how long Plaintiff was employed sorting cherries; the record contains no earnings information or other specific testimony

7 - OPINION AND ORDER

about Plaintiff's dates of employment. And, Plaintiff contends in his briefing that his employment lasted only three days, a point that is not disputed by the Commissioner. Pl.'s Br. 9-11, ECF No. 18. However, the ALJ found that Plaintiff was able to work for several months. Tr. 28. Nevertheless, contrary to the ALJ's finding, based on Plaintiff's testimony, Plaintiff was fired to being off-task and not exercising good judgment, concerns raised by Dr. Blome. Tr. 415-16. Moreover, being terminated after a brief period of employment does not support a finding that he was employed "competently" or "without difficulty." And, as the ALJ acknowledged, Plaintiff testified that his employer checked on him every 20 minutes and his co-worker redirected his attention, again consistent with Dr. Blome's concerns. Tr. 23. Thus, the ALJ's reasoning does not pass muster.

The ALJ's second rationale similarly fails. Here, the ALJ found Dr. Blome's opinion that Plaintiff needed extra supervision inconsistent with the objective evidence from Plaintiff's employer who stated that Plaintiff was "punctual and performed with minimal supervision." Tr. 26, 303. Here, the information cited by the ALJ is from a Cooperative Disability Investigation ("CDIU") report, in which an investigator, Special Agent D. Anderson, contacted Plaintiff's former fruit-sorting employer. Tr. 303. The employer's representative reported that Plaintiff was a "satisfactory" employee, and may be contacted for future employment. Tr. 303. As noted above, the record does not clearly provide Plaintiff's dates of employment or contain any wage history, thus it is not known whether Plaintiff was employed full or part time. Tr. 53-56; 39-41. Additionally, it is not clear from this brief notation whether the employer representative actually supervised Plaintiff while on the job. Tr. 303. Thus, the information from the former employer is not particularly convincing and is not fully supported by substantial evidence.

Furthermore, the ALJ's reliance on this information is selective. *Ghanim*, 763 F.3d at 1164 (ALJ may not "improperly cherry-pick[ ]" evidence to support agency's denial of benefits). Special Agent Anderson also contacted a second employer, the Joel Palmer House Restaurant, who reported that Plaintiff worked at the restaurant only six nights as a dishwasher, was closely supervised, and was a "marginal" employee. Tr. 303. To be sure, this report is more consistent with other testimony provided by Plaintiff. At the June 2014 hearing, Plaintiff testified that he was employed washing dishes for a month, then was let go, and worked in a gun shop for only a day. Tr. 67, 71. Plaintiff testified that he has been unable to keep a full time job, despite his attempts to do so. Tr. 67-68. Plaintiff reported to Special Agent Anderson that he was employed for three days at a candy shop, and power-washed pallets one day before quitting. Tr. 302. The ALJ's selective review of Plaintiff's testimony and Plaintiff's former employers is not supported by substantial evidence when the record is viewed as a whole, and fails to provide a specific and legitimate basis for discounting Dr. Blome's opinion. The ALJ has erred.

Additionally, the Court observes that in the decision, the ALJ discounted all medical evidence and lay testimony with first-hand knowledge of Plaintiff's limitations in favor of nonexamining physicians. The ALJ also heavily relied upon a report in the CDIU that Plaintiff has "excellent recall" when discussing video games, finding that this suggests Plaintiff's memory and concentration are not significantly limited when discussing anything of interest. However, Plaintiff's ability to play video games at length and discuss them is not so mentally demanding that any incosistencies with Dr. Blome's opinion is apparent. *See Ponce v. Colvin*, No. ED CV 12-1560 JCG, 2014 WL 198712, *2 (C.D. Cal. Jan. 16, 2014) (claimant's ability to play video games was not a specific and legitimate basis to undermine physician's opinion).

C.  *Paul S. Stoltzfus, Psy.D.*

Dr. Stoltfus performed a neuropsychological evaluation of Plaintiff on August 8, 2011. Tr. 390. Dr. Stoltzfus conducted a clinical interview, reviewed a June 2008 psychoeducational assessment, and conducted a number of independent tests, including the Millon Clinical Multiaxial Inventory-III, Trail Making Test, Weschler Adult Intelligence Scale-III edition, select subtests, Weschler Memory Scale-III, and Wide Range Achievement Test. Tr. 390. During the mental status examination, Dr. Stoltzfus indicated Plaintiff was independent and punctual, hyperactive and easily bored, hyper-verbal, off-task and tangential, but friendly, talkative, with an upbeat and positive mood/affect. Tr. 392. On testing, Dr. Stoltzfus found that Plaintiff tended to minimize his high level of distractability and poor focus. Tr. 393. Notably, Dr. Stoltzfus indicated that Plaintiff's "self-appraisals were in stark contrast to his presentation during the interview." Tr. 393. Dr. Stoltzfus noted that Plaintiff gave strong effort, but that Plaintiff was disorganized and his thought process appeared scattered. Tr. 393. Dr. Stoltzfus diagnosed Plaintiff with ADHD, cognitive disorder NOS, disorder of written expression, and personality disorder NOS with borderline, paranoid and narcissistic traits. Tr. 394-95.

Dr. Stoltzfus indicated that testing revealed Plaintiff was of average intelligence, but his neurocognitive functioning ranged from average to deficit, with Plaintiff performing in the borderline to deficit range for auditory memory, executive functioning, and processing speed. Tr. 393-95. Dr. Stoltzfus opined that Plaintiff would have difficulty working collaboratively with anyone, he would need a highly structured environment with clear expectations, instructions would need to be provided visually and hands on, and he would need an extraordinarily patient employer to ensure commitment and success on the job. Tr. 395.

In the decision, the ALJ gave Dr. Stoltfus's opinion "limited weight." Tr. 25. The ALJ discounted Dr. Stoltzfus's opinion that Plaintiff would have difficulty working collaboratively as inconsistent with Plaintiff's testimony that he worked with others sorting cherries without difficulty and was fired for being friendly and showing new employees around the job site. The ALJ also discounted Dr. Stoltzfus's opinion that Plaintiff has significant limitations in social functioning and needs an "extraordinarily patient employer" as inconsistent with the report from Plaintiff's employer that he was punctual and performed with minimal supervision. Again, the ALJ's rationale falls short of specific and legitimate when viewing the record as a whole.

First, as detailed above with respect to Dr. Blome, the ALJ's reliance on the employer's report to Special Agent Anderson that Plaintiff was punctual and performed competently with minimal supervision is not supported by substantial evidence. As noted above, it is unclear whether Plaintiff's employment lasted three days or several months, was full or part time, and it is not known whether the employer representative actually supervised Plaintiff. Additionally, a separate employer reported to Anderson that under close supervision, Plaintiff was a "marginal" employee. Tr. 303. The ALJ's selective reliance on only the cherry-sorting employer's statement in the CDIU is not supported by a fair reading of the record as a whole. *Ghanim*, 763 F.3d at 1160 (noting court "may not affirm simply by isolating a specific quantum of supporting evidence") (internal quotations and citations omitted).

Second, the ALJ's reliance on Plaintiff's testimony when discounting Dr. Stoltzfus's opinion is problematic. Dr. Stoltzfus specifically found that Plaintiff's "self-appraisals were in sharp contrast to his actual presentation during the interview[,]" and that Plaintiff minimized his "high level of distractibility and poor focus." Tr. 393. Dr. Stoltzfus observed that Plaintiff states he is rarely

11 - OPINION AND ORDER

restless or fidgety, and does not make careless mistakes when bored or doing repetitive work. Tr. 393. During Dr. Stoltzfus's examination, Plaintiff could not sit still, was hyper-verbal, off task and tangential, and scattered. Tr. 392. Thus, Plaintiff's own testimony about his performance on the job must be viewed in light of the record as a whole.

Third, the ALJ's contention the Dr. Stoltzfus's opinion that Plaintiff requires a highly structured work environment is not supported by objective evidence is likewise insufficient. The only objective evidence cited by the ALJ is that from the cherry sorting employer, of questionable value as discussed above. Contrary to the ALJ's finding, Dr. Stoltzfus conducted a battery of objective tests to support his opinion that Plaintiff needs a highly structured environment with clear expectations due to his borderline to deficit results in auditory memory, executive functioning, and processing speed. Tr. 395. *Orn*, 495 F.3d. at 634-35. Therefore, the Court concludes the ALJ did not provide specific and legitimate reasons backed by substantial evidence for discounting Dr. Stoltzfus's opinion. *See Garrison*, 759 F.3d at 1012.

The Commissioner contends that even if the ALJ erred in failing to incorporate Dr. Stoltzfus's opinion that Plaintiff requires a "highly structured work environment" into the RFC, the error is harmless because the VE identified one job with such a limitation. The Court disagrees.

Even if the Commissioner is correct that the fruit washer job identified by the ALJ at step five adequately captures the "highly structured work environment" limitation,[2] it fails to capture

---

[2] The Commissioner argues that basic unskilled work with an SVP of 1 or 2 requires the ability to acclimate to changes in a routine setting. *See* SSR 85-15, *available at* 1985 WL 56857,*4. At step five, relying on testimony from the VE, the ALJ identified fruit washer, *(Dictionary of Occupational Titles* ("DOT") #529.686-030, SVP 1, 105,000 positions nationally, 1,200 positions locally) as a job Plaintiff could perform. The Commissioner argues that this job could be considered "highly structured" because it requires Plaintiff to "deal with standardized situations with occasional or no variables in or from these situations encountered on the job."

12 - OPINION AND ORDER

numerous other limitations identified by Dr. Stoltzfus, including that the job be physically active and Plaintiff's need for an "extraordinarily patient employer." Tr. 396. *See Strickland v. Colvin*, No. 3:15-cv-02205-HZ, 2017 WL 462637, *7-8 (D. Or. Feb. 2, 2017) (discussing that limitation to highly structured work environment was not fully incorporated into RFC with normal interaction with supervisors). Thus, the ALJ's error is harmful.

D.  *William Weiss, Ph.D.*

The opinion of a nonexamining, testifying medical examiner may serve as substantial evidence when it is supported by, and consistent with, other evidence in the record. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see* 20 C.F.R. §416.927(c)(4) (ALJ will generally give more weight to opinions that are "more consistent . . . with the record as a whole"). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Morgan*, 169 F.3d at 600 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).

The ALJ gave great weight to the opinion of Dr. Weiss, the testifying medical expert. Dr. Weiss appeared at the June 14, 2014 hearing via telephone. Tr. 45. Dr. Weiss reviewed Plaintiff's medical record and listened to Plaintiff's hearing testimony. Dr. Weiss diagnosed Plaintiff with ADHD, a learning disorder of written expression, and narcissistic personality disorder. Tr. 27. He opined that Plaintiff could perform simple, routine, unskilled work at SVP 1 or 2, with reading at the fourth to sixth grade level and occasional public contact. Tr. 78-79. Dr. Weiss testified that he disagreed with Dr. Blome's opinion that Plaintiff is unable to work due to poor social skills and poor

---

DOT #529.686-030, *available at* 1991 WL 674723.

judgment. Tr. 24, 78. Dr. Weiss indicated that Dr. Blome's opinion that Plaintiff is unemployable is inconsistent with Plaintiff's testimony because he was working sorting cherries at the time of the hearing. Tr. 78. Dr. Weiss also testified that he disagreed with the severity of the limitations assessed by Drs. Blome and Stoltzfus, and noted that it was possible that Plaintiff had improved. Tr. 24, 82. Dr. Weiss relied upon Plaintiff's testimony and Plaintiff's ability to work at least part time to discount the opinions of Dr. Blome and Stoltzfus.

Plaintiff argues that the ALJ erred in giving Dr. Weiss's opinion great weight, contending there is no evidence of medical improvement, and that Plaintiff's brief employment sorting cherries is not sufficient evidence to undermine Drs. Blome and Stoltzfus's opinions. Plaintiff is correct.

First, contrary to the ALJ's decision, the opinions of Drs. Blome and Stoltzfus are not sufficiently rebutted by Dr. Weiss. The medical expert's paper review of their opinions and treatment notes fails to overcome the significant weight to which those opinions are entitled. As detailed at length above, the ALJ's selective reliance on Plaintiff's brief employment sorting cherries and the employer's report of Plaintiff's performance is not supported by substantial evidence when viewing the record as a whole. Second, Dr. Weiss's contention that Plaintiff's symptoms have improved is not fully supported by other objective evidence. At the hearing, Dr. Weiss based his finding of improvement on the fact that Plaintiff worked sorting cherries. Working for even up to three months may be considered an unsuccessful work attempt, and the ALJ found Plaintiff had no history of significant gainful activity. Tr. 84. *Gatliff v. Comm'r Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) (noting that gainful activity requires the ability to hold a job for a significant period of time and that two-month employment duration may be an unsuccessful work attempt); *accord Ernst v. Colvin*, 601 F. App'x 474, 475 (9th Cir. 2015) (ALJ erred in evaluating evidence that

14 - OPINION AND ORDER

claimant has never held a job on a sustained basis outside sheltered environment). Thus, the ALJ's rationale in crediting Dr. Weiss's opinion over that of Drs. Blome and Stoltzfus is not supported by substantial evidence. *See Attmore v. Colvin*, 827 F.3d 872, 877-78 (9th Cir. 2016) (holding that ALJ may not cherry-pick evidence that supports improvement, especially where symptoms wax and wane); *Ghanim*, 759 F.3d 1161-62 (holding that occasional observations of improvement must be viewed in the context of the overall diagnostic picture).

The opinions of Drs. Blome and Stoltzfus are further bolstered by the by the February 2015 psychological evaluation conducted by David M. Freed, Ph.D., submitted to the Appeals Council. *See Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (new evidence submitted to and considered by the Appeals Council is part of the administrative record). Dr. Freed conducted a clinical interview, reviewed the record, and conducted numerous objective tests, including the Folstein Mini Mental State Exam, Mental Control, Digit Span, and Spatial Span subtests, Wide Range Achievement Test, Weschler Abbreviate Scale of Intelligence, Word List Memory Test, Boston Naming Test, among others. Tr. 441. Dr. Freed observed that Plaintiff was animated, but socially inappropriate, and noted that his speech was fluent and well-articulated. Tr. 442. During testing, Dr. Freed indicated that Plaintiff scored a 29/30 on the MMSE, could name the days of the week, and count to 20, but could not identify the months of the year. Tr. 442. Dr. Freed noted that there was no indication of exaggeration or malingering, Plaintiff had a Full Scale IQ of 100, had academic scores between fifth and ninth grade, and had some difficulty with attention and concentration. Tr. 442.

Based on the results of the evaluation and the Adult Asperger Assessment, Dr. Freed diagnosed Plaintiff with Autism Spectrum Disorder (Asperger's), Depressive Disorder NOS, Anxiety

Disorder NOS, ADHD, and Disorder of Written Expression. Tr. 443. Dr. Freed opined that due to Plaintiff's problems with social relationships, Plaintiff would have difficulty sustaining an ordinary daily routine or working in proximity to other people, and that due to his developmental disability, Plaintiff would struggle interacting appropriately with co-workers, supervisors, and the general public. Tr. 444.

Dr. Freed also completed a Functional Assessment of Work-Related Mental Activities. Tr. 447-48. Dr. Freed indicated that Plaintiff has moderate difficulty understanding, remembering, and carrying out detailed instructions, moderate difficulties maintaining attention and concentration for extended periods of time, sustaining an ordinary routine without special supervision, work in proximity to others without being distracted, and getting along with coworkers without distracting them. Tr. 447-48. Moderate limitations were defined as noticeable difficulty performing the designated task, or being off task for 11 to 20 percent of each work day or work week. Tr. 447.

Although Dr. Freed's assessed limitations are not as severe as those opined by Drs. Blome and Stoltzfus, the limitations are consistent with disability. At the June 2014 hearing, the Vocational Expert was asked: "[I] a "person's off task 20 percent or more of the workday, work week, work month, are they employable long term in the national economy?" Tr. 86. The Vocational Expert responded that they are not competitively employable. Tr. 86. Thus, based on the record as a whole, including the newly submitted evidence, the ALJ's findings in crediting Dr. Weiss's opinion over those of Drs. Blome and Stoltzfus are not supported by substantial evidence. The ALJ has erred.

## II. RFC and Vocational Testimony

Limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d

16 - OPINION AND ORDER

1157, 1163-65 (9th Cir. 2001). If the RFC fails to include all of Plaintiff's limitations, then the hypothetical is incomplete and the vocational expert's testimony holds no evidentiary value. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Because the Court has identified an error in the ALJ's evaluation of the medical evidence that may impact the RFC, the ALJ could not rely upon the VE's testimony. *Id.*

### III. Remand

After finding the ALJ erred, the Court must determine whether to remand Plaintiff's case to the agency for payment of benefits or for additional investigation or explanation. Although a court should generally remand to the agency for additional investigation or explanation, the court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The Ninth Circuit precludes the district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). The court must determine if the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Next, the court must review the record as a whole and determine whether it is fully developed and free of conflicts and ambiguities, and "all essential factual issues have been resolved." *Treichler*, 775 F.3d at 1101. Finally, the court must consider whether "the ALJ would be required to find the claimant disabled on remand" if the improperly discredited evidence were credited as true. *Garrison*, 759 F.3d at 1020; *Dominguez*, 808 F.3d at 407. If the above are satisfied, the court may exercise its discretion to remand the case for an award of benefits. *Dominguez*, 808 F.3d at 407.

1157, 1163-65 (9th Cir. 2001). If the RFC fails to include all of Plaintiff's limitations, then the hypothetical is incomplete and the vocational expert's testimony holds no evidentiary value. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Because the Court has identified an error in the ALJ's evaluation of the medical evidence that may impact the RFC, the ALJ could not rely upon the VE's testimony. *Id.*

### III. Remand

After finding the ALJ erred, the Court must determine whether to remand Plaintiff's case to the agency for payment of benefits or for additional investigation or explanation. Although a court should generally remand to the agency for additional investigation or explanation, the court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The Ninth Circuit precludes the district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). The court must determine if the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Next, the court must review the record as a whole and determine whether it is fully developed and free of conflicts and ambiguities, and "all essential factual issues have been resolved." *Treichler*, 775 F.3d at 1101. Finally, the court must consider whether "the ALJ would be required to find the claimant disabled on remand" if the improperly discredited evidence were credited as true. *Garrison*, 759 F.3d at 1020; *Dominguez*, 808 F.3d at 407. If the above are satisfied, the court may exercise its discretion to remand the case for an award of benefits. *Dominguez*, 808 F.3d at 407.

Here, the first portion of the test is satisfied because the ALJ has failed to provide legally sufficient reasons for providing only limited weight to the opinions of Plaintiff's treating physician Dr. Blome, and examining physician Dr. Stoltzfus. Additionally, the Court finds the second and third portions of the test satisfied. There are no outstanding factual issues that warrant further development. Dr. Blome opined that Plaintiff is unemployable, could not perform on a sustained basis, would require extra supervision, but could handle a sheltered work shop. Tr. 415. Dr. Stoltzfus opined that Plaintiff would have significant difficulty working collaboratively with anyone, would need to have a highly structured work environment with clear expectations that allows for a high level of physical activity with hands-on instruction, and would require an extraordinarily patient employer. Tr. 395-96. Likewise, Dr Freed indicated that Plaintiff would likely be off task up to 20 percent of the work day or work week, and that his functioning has been consistent since September 4, 2009, the alleged onset date. Tr. 439. *See Fuller v. Colvin*, 164 F.Supp.3d 1266, 1275 (D. Or. 2016) (determining that a claimant who is off task 20 percent of the time cannot maintain competitive employment). The Vocational Expert testified that if a person is off task for 20 percent of the work day or work week is unable to sustain competitive employment. Tr. 86. Contrary to the Commissioner's contention, the CDIU report does not raise serious doubts that Plaintiff is disabled. As discussed above, the ALJ's review of the CDIU report is selective, and is not inconsistent with the observations of Drs. Blome, Stoltzfus, and Freed, who also found Plaintiff to be pleasant and friendly, but tangential and socially inappropriate, and who determined based on clinical observations and testing that Plaintiff has disabling limitations. *Compare* Tr. 300 *with* 395, 415, 442.

Thus, when the opinions of Drs. Blome, Stotlzfus, and Freed are credited as true, it is clear from the record that the Commissioner would be required to find Plaintiff disabled. *Brewes*, 682 F.3d at 1164-65. Finally, having carefully reviewed the entire record, I have no serious doubt that Plaintiff is disabled.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision denying benefits to Plaintiff is REVERSED and this proceeding is REMANDED for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 23 day of JUNE, 2017.

Malcolm F. Marsh
United States District Judge