IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KLAYTON V. ALBRIGHT, | Case No. 3:16-cv-00436-MA |
| Plaintiff, | ORDER ON EAJA FEES |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MARSH, Judge

On June 23, 2017, the Court issued an order and judgment reversing and remanding the Commissioner's nondisability determination for an immediate payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g). Op. & Order, ECF No. 20. Currently before the Court is Plaintiff's Application for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 22. The Commissioner opposes Plaintiff's motion as untimely.

## **DISCUSSION**

Under the EAJA, a prevailing party is entitled to recover attorney fees, costs and expenses in civil actions against the government, unless the government shows its position in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The decision to deny EAJA attorney fees is

1 - ORDER ON EAJA FEES

within the discretion of the court. *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017); *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). A social security claimant is a "prevailing party" following a sentence-four remand under 42 U.S.C. § 405(g). *Flores*, 49 F.3d at 568. The Commissioner does not dispute that Plaintiff is the prevailing party here.

The EAJA also limits the time within which a prevailing party may file a fee application. Under § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses[.]" A "final judgment" means a judgment which is no longer appealable. 28 U.S.C. § 2412(d)(2)(G). Under Fed.R.App.P. 4(a)(1)(B), the Commissioner has 60 days to appeal the judgment. As a result, a successful social security claimant has 30 days to file an EAJA fee application after the 60-day appeal period has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007); *Norman v. Astrue*, Case No. 3:11-cv-00854-MA, 2013 WL 141146, *1 (D. Or. Jan. 11, 2013). Although the 30-day requirement is not jurisdictional, the court must construe strictly the time limits for EAJA fee applications because the EAJA is a waiver of sovereign immunity. *Arulampalam v. Gonzales*, 399 F.3d 1087, 1089 (9th Cir. 2005).

In this case, the Court entered judgment on June 23, 2017 and the 60-day appeal period expired on or about August 22, 2017. Plaintiff's EAJA filing period then began and expired 30 days later, on or about September 21, 2017. However, Plaintiff did not file his EAJA application until November 8, 2017, some 47 days after the time period lapsed. Plaintiff has offered no explanation for its untimeliness, and did not file a Reply in response to the Commissioner's contention that the Application is untimely.

2 - ORDER ON EAJA FEES

There is no dispute that Plaintiff's application is untimely. Accordingly, the Court denies Plaintiff's Application for attorney fees under the EAJA because it was filed more than thirty days after judgment became final. *See Sanchez v. Astrue*, 273 F. App'x 686, 687 (9th Cir. 2008) (denying untimely social security EAJA fee application).

## CONCLUSION

Based on the foregoing, Plaintiff's Application for Fees Pursuant to the Equal Access to Justice Act (ECF No. 22) is DENIED.

IT IS SO ORDERED.

DATED this 20 day of DECEMBER, 2017.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge